UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v. Case No: 2:23-cr-22-SPC-NPM

ZACHARY PEGG

---

**OPINION AND ORDER**

Before the Court are Defendant Zachary Pegg's pro se Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2) (Doc. 87), the United States Probation Office's Memorandum (Doc. 89), and a Notice That the Federal Defender's Office Has Satisfied the Requirements Imposed by the Amendment 821 Omnibus Order (Doc. 92). For the following reasons, the Court denies the motion.

In July 2024, the Court sentenced Defendant to 63 months' imprisonment as to Count 1 for carjacking and 84 months' imprisonment as to Count 2 for brandishing a firearm during a crime of violence, to be served consecutively, followed by three years of supervised release. (Doc. 85). In the motion, Defendant moves for retroactive application of the sentencing guidelines, arguing that he is entitled to a reduction of two points for being on probation at the time of his arrest. (Doc. 87 at 1).

It used to be that a defendant who committed the instant offense while under any criminal justice sentence, including probation, parole, supervised

release, imprisonment, work release, or escape status received two extra criminal history points. But Part A of Amendment 821 has changed that procedure. Now defendants can move to eliminate the extra points if they meet three criteria: (1) the defendant was assessed two status points under § 4A1.1(d) (now § 4A1.1(e)) and would no longer be assessed status points under the amended guideline; (2) the reduction of status points would reduce the defendant's criminal history category and result in a lower guideline range; and (3) the defendant received a higher sentence than the minimum of the amended guideline range.

Despite Defendant's argument, he is not entitled to a sentence reduction. As the Probation Office explains, Defendant was sentenced after November 1, 2023, and received the benefit of the amended guidelines. (Doc. 89 at 2).

The Assistant Federal Defender agrees with Probation's assessment. (Doc. 92 at 3). Specifically, Defendant was assessed only one status point, as opposed to the two points he would have received before Amendment 821. (*Id.*). So the Assistant Federal Defender cannot argue in good faith that Defendant is eligible for a sentence reduction and states that she will not file a motion for sentence reduction under Amendment 821 on Defendant's behalf. The Assistant Federal Defender states that she will notify Defendant of her position and move to terminate her representation of Defendant.

Having reviewed the record in this case, the Court agrees with Probation and the Assistant Federal Defender. Because Defendant was sentenced in July 2024, which was after the effective date of Amendment 821, he is ineligible for a reduction under Amendment 821. Because Amendment 821 does not apply to Defendant, the Court need not evaluate the 18 U.S.C. § 3553(a) factors.

Accordingly, it is

**ORDERED**:

Defendant Zachary Pegg's pro se Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2) (Doc. 87) is **DENIED**.

**DONE and ORDERED** in Fort Myers, Florida on October 1, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All parties of record